542 So.2d 753 (1989)
Alfred LaMARK, Sr., et al.
v.
NME HOSPITALS, INC., et al.
No. 88-CA-2461.
Court of Appeal of Louisiana, Fourth Circuit.
April 13, 1989.
Joseph W. Thomas, New Orleans, for plaintiffs-appellants.
Ivor A. Trapolin, L. Kevin Coleman, Trapolin & Coleman, New Orleans, for defendant-appellee.
Before BARRY, LOBRANO and WILLIAMS, JJ.
WILLIAMS, Judge.
Appellants, Alfred LaMark, Sr. and his four children, appeal the dismissal of their claims against the Commissioner of Insurance of the State of Louisiana, on behalf of the Louisiana Patient's Compensation Fund (LPCF), for damages resulting from the medical malpractice in the treatment of their wife and mother, Helen LaMark, at Meadowcrest Hospital in New Orleans.
*754 Helen LaMark suffered severe hypoxic brain damage when she stopped breathing for an undetermined amount of time while in surgical recovery at Meadowcrest. Plaintiffs in the resulting suit include Alfred LaMark, Sr., on his own behalf and on behalf of his three minor children and as curator of his wife, Helen, and Reginald LaMark, on his own behalf.
Meadowcrest settled with plaintiffs for its maximum statutory liability of $100,000.00 under LSA-R.S. 40:1299.42(B)(2). Plaintiffs reserved their right to seek damages in excess of $100,000.00 from the LPCF.
The LPCF filed a motion for summary judgment, which was granted by the trial court. This court reversed and remanded on the basis that the record was insufficient to show 1) that plaintiffs' claims were submitted on the merits; 2) that the trial court rejected plaintiffs' claim that the $500,000.00 limitation should be applied to each claim raised, as opposed to all claims based on the act of malpractice; and 3) that there was no factual dispute as to whether the LPCF had paid all recoverable under the statute. Additionally, this court stated, plaintiffs' claim that Section 1299.42(B) is unconstitutional was not addressed by the trial court. LaMark v. NME Hospitals, Inc., 523 So.2d 11 (La.App. 4th Cir.1988).
Subsequently, the LPCF filed another motion for summary judgment, alleging that the limitations mandated in LSA-R.S. 40:1299.42(B) are constitutional, that the LPCF has paid the maximum amount recoverable under that statute, and that Helen LaMark's medical expenses were being paid as they were submitted. Additionally, the LPCF admitted in an accompanying Statement of Uncontested Material Facts that, but for the limitation of LSA-R.S. 40:1299.42(B), plaintiffs' damages would exceed $500,000.00 in total, exclusive of interest, costs and medical expenses. The LPCF asserted that there remain no genuine issues of material fact and summary judgment was proper. The trial court granted the motion, stating in its reasons:
It is undisputed that the total amount of damages payable to plaintiffs under R.S. 40:1299.42(B), i.e. $400,000.00 together with interest and costs has been paid by the Patient's Compensation Fund. It has paid and continues to pay medical expense [sic] as and when they occur.
No facts are in dispute in this case. The Court finds the limitation on damages set by La.R.S. 40:1299.42(B) is constitutional. [emphasis added]
Plaintiffs appealed, assigning as error the trial court's finding that the statute is constitutional and the trial court's failure to hold the LPCF liable for punitive damages and attorney fees. We affirm.
Article I, Section 3 of the 1974 Louisiana Constitution, the Declaration of the Right to Individual Dignity, provides:
No person shall be denied the equal protection of the laws. No law shall discriminate against a person because of race or religious ideas, beliefs, or affiliations. No law shall arbitrarily, capriciously, or unreasonably discriminate against a person because of birth, age, sex, culture, physical condition, or political ideas or affiliations. Slavery and involuntary servitude are prohibited, except in the latter case as punishment for a crime.
The standard of review of contested legislation under Article I, Section 3 was set forth by the Louisiana Supreme Court in Sibley v. Board of Supervisors of Louisiana State University, 477 So.2d 1094 (La. 1985). The Sibley court stated:
Article I, Section 3 commands the courts to decline enforcement of a legislative classification of individuals in three different situations: (1) When the law classifies individuals by race or religious beliefs, it shall be repudiated completely; (2) When the statute classifies persons on the basis of birth, age, sex, culture, physical condition, or political ideas or affiliations, its enforcement shall be refused unless the state or other advocate of the classification shows that the classification has a reasonable basis; (3) When the law classifies individuals on any other basis, it shall be rejected whenever a member of a disadvantaged class shows *755 that it does not suitably further any appropriate state interest. [footnotes omitted]
Id. at 1107-1108.
In Sibley, the Louisiana Supreme Court found that the statutory prohibition against malpractice recovery in excess of $500,000.00 against the state, on its face, classifies individuals according to the magnitude of damage to their physical condition. Therefore, the court imposed on the state the burden of "justifying such a classification by showing that it substantially furthers an appropriate state purpose". Id. at 1108. The Court ultimately remanded for adjudication of this issue. Id. at 1109-1110.
Subsequently, this Court held that the Sibley standard is appropriate for analysis of the $500,000.00 cap contained in Louisiana's Private Medical Malpractice Act, LSA-R.S. 40:1299.42(B)(1).[1]Williams v. Kushner, 524 So.2d 191 (La.App. 4th Cir. 1988), writs granted 526 So.2d 785 (La. 1988)[2] [This Court held that the $500,000.00 limitation did not, by virtue of its classification of persons based on physical condition, violate Louisiana's Constitutional guaranty to Individual Dignity].
In the instant case, plaintiffs' basic assertion is that LSA-R.S. 40:1299.42(B) violates equal protection of the laws because the application of the statute according to its clear terms, i.e., the total amount recoverable for all claims, creates classes of malpractice claimants which are treated differently based on the number of claimants per act of malpractice and on the proportion of the total award attributable to each claimant. For example, a malpractice victim who is the sole claimant in a suit and whose damages exceed $500,000.00 recovers the full limit of $500,000.00. But a malpractice victim with damages exceeding $500,000.00 whose claim is joined with the claims of five family members, all based on the same act of malpractice, recovers substantially less after the $500,000.00 is apportioned among the claimants.
Unlike the classification proposed in both Sibley v. Board of Supervisors of Louisiana State University, 477 So.2d at 1108 and Williams v. Kushner, 524 So.2d at 194, the classification which plaintiffs assert is not one based on physical condition. To this extent, Williams is inapposite to this case.
Under the challenge advanced by plaintiffs, the statute does not classify individuals by race or religious beliefs, which would require complete repudiation, or on the basis of birth, age, sex, culture, physical condition, or political ideas or affiliations, which would shift the burden to the LPCF to show the classification substantially furthers a legitimate state interest. See Sibley v. Board of Supervisors of Louisiana State University, 477 So.2d at 1107. Since application of the statute creates some other classification, it is incumbent on the party challenging the statute to show that the legislation does not suitably further any appropriate state interest. Sibley v. Board of Supervisors of Louisiana State University, 477 So.2d at 1107-1108. Plaintiffs have not satisfied this burden.
In their appellate brief, plaintiffs repeatedly misstate that the purpose behind the statutory limitation is to assure full recovery for malpractice victims whose damages are less than $500,000.00 while assuring recovery of at least $500,000.00 for those whose damages exceed that amount. Plaintiffs argue that the limitation frustrates, rather than furthers, this interest. We disagree. In reality, the purpose of the legislation is to ensure the availability and affordability of medical *756 care for the citizens of Louisiana. See Williams v. Kushner, 524 So.2d at 194.
As detailed in Williams, it is reasonable that the $500,000.00 limitation could substantially further the state's interest. As we stated in Williams:
(W)ith a limitation of 500,000 dollars on the total amount recoverable, the amount of the surcharge medical care providers pay to the Patient's Compensation Fund is calculated on a known risk, and the additional amount that would be required to cover limitless judgments is unnecessary.
Because the cost of increased premiums could reasonably be expected to be passed on to patients, the legislature could have reasonably believed that stabilized... rates would retard increases in costs of medical care and would permit medical care providers to offer a full range of services without the threat of exorbitant costs of insurance coverage.
Williams v. Kushner, 524 So.2d at 195.
It is for this same reason that we reject appellants' argument that LSA-R.S. 40:1299.42(B) should be interpreted as a limitation on each separate claim for a single act of malpractice, as opposed to a limitation on the total amount recoverable for all malpractice claims for injuries to or death of a patient. If we were to accept appellants' interpretation, we would inject incalculable instability into the computation of the surcharge levied against health care providers in funding the LPCF. This instability would undoubtedly increase the surcharge, the cost of which could be expected to be passed to the patients of Louisiana. Additionally, we believe that the language of LSA-R.S. 40:1299.42(B)(1) is clear that the limitation applies to all malpractice claims, for which recovery shall be limited to $500,000.00 in total.[3] The clear language of the law shall not be ignored in search of the intent of the legislature. LSA-C.C. art. 9.
Finally, appellants assert that the LPCF is liable for punitive damages and attorney fees under LSA-R.S. 22:657-658 for its alleged failure to timely evaluate and settle this claim. This contention is without merit. Although attorney fees are owed when it is proved that the patient's compensation fund failed to pay future medical care and related benefits, LSA-R. S. 40:1299.43(E)(2), the LPCF is not governed by the insurance code, and R.S. 22:657-658 are not applicable to this case. Williams v. Kushner, 524 So.2d at 196-197.
For the foregoing reasons, we affirm summary judgment in favor of the LPCF.
AFFIRMED.
NOTES
[1] LSA-R.S. 40:1299.42(B)(1), as applicable to Williams, read:

The total amount recoverable for any injury or death of a patient may not exceed five hundred thousand dollars plus interest and cost.
LSA-R.S. 40:1299.42(B)(1) now reads:
The total amount recoverable for all malpractice claims for injuries to or death of a patient, exclusive of future medical care and related benefits as provided in R.S. 40:1299.43, shall not exceed five hundred thousand dollars plus interest and cost. [Emphasis added]
[2] We note that at the time the instant decision is rendered, Williams v. Kushner is still under consideration by the Louisiana Supreme Court.
[3] We note that the Act is devoid of any guidance with respect to the ranking of the $500,000.00 limit paid in settlement of all malpractice claims for injuries or death of a patient when, for example, the victim's injuries alone exceed $500,000.00. While we recognize the need for legislation addressing this issue, it is not the function of the courts to write the laws. We do, however, invite the legislature to address the issue of ranking.